IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| DAVID BLANCH | : | |
| --- | --- | --- |
| v. | : | CIVIL NO. CCB-12-1965 |
| CHUBB & SON, INC. | : | |

**MEMORANDUM**

Plaintiff David Blanch filed this suit against his former employer, defendant Chubb & Son, Inc. ("Chubb"), after he was terminated. The court previously granted Chubb's motion to dismiss, and Blanch subsequently amended his complaint, with leave of court, adding substance to his claims for compensation he believes Chubb owes him under implied contract, quantum meruit, and Maryland's Wage Payment & Collection Law ("MWPCL"). Chubb has filed a motion for judgment on the pleadings under Rule 12(c) seeking to dismiss the remaining claims. For the reasons stated below, Chubb's motion will be denied.

In his amended complaint, Blanch alleges that Chubb terminated him in retaliation for complying with an internal investigation. He alleges that under Chubb's employment policies and agreements *and/or* as evidenced by a twelve-year pattern of employment practices and incentives, he is owed performance bonuses, pay incentives, profit sharing, and severance payments that were never paid after he was discharged. Blanch apparently never signed any written employment agreement or policy, and he asserts that Chubb has withheld any such documentation from him, even though he admits he was aware that written policies may have governed his employment with Chubb. In its motion for judgment on the pleadings, Chubb has attached nine exhibits, including an affidavit as well as copies of and excerpts from a variety of employment plans and policies that Chubb alleges govern all of Blanch's claims.

1

Motions for judgment on the pleadings under Fed. R. Civ. P. 12(c) are decided under the same standard as motions to dismiss under Rule 12(b)(6). *Independence News, Inc. v. City of Charlotte*, 568 F.3d 148, 154 (4th Cir. 2009). The purpose of a motion to dismiss "is to test the legal sufficiency of a complaint' and not to 'resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.'" *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir.2006) (quoting *Edwards v. City of Goldsboro*, 178 F .3d 231, 243–44 (4th Cir.1999)). To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court assumes the facts alleged in the complaint are true and draws all reasonable factual inferences in the nonmoving party's favor. *Edwards*, 178 F.3d at 244. A complaint need not provide "detailed factual allegations," but it must "provide the grounds of [the plaintiff's] entitlement to relief" with "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (internal quotations omitted).

Generally, "when a defendant attaches a document to its motion to dismiss, a court may consider it in determining whether to dismiss the complaint if it was integral to and explicitly relied on in the complaint and if the plaintiffs do not challenge its authenticity." *Am. Chiropractic Ass'n v. Trigon Healthcare Inc.*, 367 F.3d 212, 234 (4th Cir. 2004) (internal quotations omitted). On the other hand, while it is true that a plaintiff "cannot withstand a motion to dismiss by merely failing to provide the court with information[,]" *see Maryland Minority Contractor's Ass'n, Inc. v. Maryland Stadium Authority*, 70 F. Supp. 2d 580, 592 n.5 (D. Md. 1998), courts should be reluctant to consider such documents (1) where it is not obvious from the face of the complaint that they are being relied upon by the plaintiff; (2) where their authenticity

is challenged; (3) where there is a danger of manipulation through "selectively quoting documents . . . without providing their full context[;]" or (4) where considering such materials amounts to converting a Rule 12 motion into one for summary judgment without notice or a sufficient opportunity for discovery. *See* Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment."); *see also Greater Baltimore Center for Pregnancy Concerns, Inc. v. Mayor and City Council of Baltimore*, --- F.3d ----, 2013 WL 3336884 (4th Cir. 2013) ("Obviously, 'by its very nature, the summary judgment process presupposes the existence of an adequate record.'") (citation omitted); *CACI Intern., Inc. v. St. Paul Fire and Marine Ins. Co.*, 566 F.3d 150, 154, 156 (4th Cir. 2009).

Chubb's motion must be denied for several reasons. First, it is far from obvious, based on the complaint, that all of the materials attached to Chubb's motion are being expressly relied upon by Blanch to support his claims. In fact, Blanch represents that he has never seen many of the documents, and he points out that it is unclear whether the documents that were submitted are complete. For example, Chubb attached a copy of its 2011 Annual Incentive Compensation Plan (Def.'s Mot., Ex. 2, ECF No. 18-2), but it is labeled "Annex A," suggesting it is part of a larger document. Thus, there is a danger of "manipulation" by Chubb as to the meaning and scope of these documents, as well as prejudice to Blanch who has not had the opportunity to adequately assess the materials and respond to Chubb's arguments.[1] There is also no indication in the complaint or in the documents themselves that Blanch was subject to these *particular* documents, policies, and plans. Once the court requires affirmative evidence to support the relevance and applicability of a document to a given claim, it no longer may be considered in the

---

[1] The court does not suggest any bad faith by Chubb, simply that the standard for a motion under Rule 12(c) requires that the plaintiff be allowed to review and attempt to address the entire document.

3

context of Rule 12. While Chubb may ultimately prove, after an appropriate period of discovery, that these provisions do govern Blanch's claims, the court cannot rely on them at this time in assessing his claims.

Second, Chubb plausibly asserts that Blanch's claims for retirement matching funds and severance pay are governed by ERISA, and that he failed to avail himself of the appropriate plan procedures to vindicate his rights under ERISA. It is likely that these benefits are covered by ERISA, and that Blanch's claims for such compensation would be preempted. But, because there has been no discovery in this case, it is unclear what plans govern his claims, and Blanch states he was not aware of the existence of such procedures. Thus, whether any of his claims are covered by ERISA is a legal and factual dispute that cannot be resolved on a Rule 12 motion. It may be appropriate for Blanch to seek a stay of this case so that he may attempt to pursue remedies under the appropriate plans, if he determines his retirement and severance claims are subject to ERISA.[2]

Finally, Chubb contends that the MWPCL is inapplicable here because New Jersey law would apply to Blanch's employment relationship in this case. Again, this issue cannot be resolved on this motion. Chubb asserts, citing *Kunda v. C.R. Bard, Inc.*, 671 F.3d 464 (4th Cir 2011), that "Maryland recognizes contractual choice of law clauses" in the context of the MWPCL. While this may be true, it is not apparent that any or all of Blanch's claims are governed by any choice-of-law provision. First, although several of the various plans and policies attached to Chubb's motion do contain choice of law provisions, it is, once again, unclear whether these provisions govern Blanch's claims. Second, it is also unclear whether Blanch can be subject to a choice-of-law provision under Maryland law having not expressly

---

[2] Blanch does allege that he requested all money now claimed, including severance pay and retirement contributions, in writing, on April 14, 2011, as well as copies of the applicable employment policies, but Chubb never responded. (Am. Compl. ¶¶ 32-33).

4

signed any such agreement. *See Kunda*, 671 F.3d at 466 (noting that the compensation program at issue there was "entirely elective" and that the plaintiff had "elect[ed] to participate"). Otherwise, a court sitting in a diversity case must apply the choice of law rules of the state in which it sits. *Klaxon Co. v. Stentor Electric Manufacturing Co.*, 313 U.S. 487, 496 (1941). "Maryland generally follows the 'lex loci contractus' principle, under which 'the law of the jurisdiction where the contract was made controls its validity and construction.'" *Noohi v. Toll Bros., Inc.*, 708 F.3d 599, 607 (4th Cir. 2013) (quoting *Kramer v. Bally's Park Place, Inc.*, 311 Md. 387, 535 A.2d 466, 467 (1988)). "For choice-of-law purposes, a contract is made where the last act necessary to make the contract binding occurs." *Konover Prop. Trust, Inc. v. WHE Associates, Inc.*, 790 A.2d 720, 728 (Md. App. 2002). Because it appears that Blanch worked for his entire tenure at Chubb in its Baltimore, Maryland office, Maryland law would likely apply to all of Blanch's claims, including the MWPCL, unless Chubb can show that Blanch was subject to an express choice of law provision. Thus, Blanch has stated a claim under the MWPCL.

Accordingly, Chubb's motion for judgment on the pleadings will be denied. The court will confer with the parties to allow for focused discovery so that Blanch can more clearly ascertain what benefit plans and employment agreements may cover his claims, whether ERISA applies to some of those claims, whether exhaustion is still possible or might be excused, and whether there is a basis to conclude that he is subject to the New Jersey choice-of law provisions relied on by Chubb.

A separate Order follows.

      8/6/2013                                                 /s/
Date                                                         Catherine C. Blake
                                                             United States District Court