IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| DAVID BLANCH | * | |
| v. | * | Civil No. CCB-12-1965 |
| CHUBB & SON, INC. | * | |

\*\*\*\*\*\*

**MEMORANDUM**

Plaintiff David Blanch brought this lawsuit against his former employer, defendant Chubb & Son, Inc. ("Chubb"), after he was terminated. He alleges that Chubb, for which he worked for over twelve years in Baltimore, Maryland, owes him benefits under 401(k), severance pay, profit sharing, and annual incentive plans. Now pending before the court is Chubb's motion for summary judgment. The issues in this case have been fully briefed, and no hearing is necessary. *See* Local R. 105.6. For the reasons stated below, Chubb's motion, insofar as it deals with Blanch's claims under the profit sharing and annual incentive plans,[1] will be granted.[2]

---

[1] The court deals only with the part of Chubb's motion that relates to Blanch's claims under the profit sharing and annual incentive plans. In a June 20, 2014, status report, the parties indicate that Blanch had in fact received the 401(k) matching contribution and, thus, that issue is moot. Additionally, the parties agree that Chubb's argument regarding Blanch's severance pay claim is moot. In its motion for summary judgment, Chubb argues that the severance pay claim was pled under state law, and that it may not be refiled as an Employee Retirement Income Security Act ("ERISA") claim because Blanch failed to exhaust plan remedies. While Chubb's motion was pending, however, Blanch exhausted plan remedies. The parties now disagree over whether Blanch's complaint preserved a demand for ERISA claim benefits and whether Blanch is entitled to discovery beyond the record created during administrative review of his claims. As discussed during the July 10, 2014, conference call with counsel, Blanch will file an amended complaint by

1

## BACKGROUND

After this lawsuit was filed, the parties engaged in a period of limited discovery, during which Chubb provided Blanch with the plan documents at issue in this case.  Chubb's annual incentive plan, which governs performance bonuses, states, in relevant part, that the employee must be employed on the date a bonus is paid to receive the award, unless the employee is terminated due to death, disability, retirement, or some other reason with the consent of the Organization & Compensation Committee of the Board of Directors.  (*See* Chubb Annual Incentive Compensation Plan, ECF No. 29-1, at 2, 4.)  It also contains a New Jersey choice-of-law provision.[3]  (*Id.* at 5.)  Likewise, Chubb's profit sharing plan states that the employee must be employed on the date a profit sharing payment is made to receive that payment, unless the employee is terminated due to death, disability, retirement, or some other reason with the consent of the Profit Sharing Committee of the Board of Directors.  (Chubb Profit Sharing Plan, ECF No. 29-2, at 3, 12.)  The profit sharing plan further specifies that New Jersey law is to govern its administration and enforcement.  (*Id.* at 7.)  The parties appear to agree that Blanch never signed any document consenting to the choice-of-law provisions in the annual incentive and profit sharing plans.

## STANDARD

Federal Rule of Civil Procedure 56(a) provides that summary judgment should be granted "if the movant shows that there is no *genuine* dispute as to any *material* fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a) (emphasis added).  Whether a fact

---

August 8, 2014.  Also, Blanch will file a motion for discovery, addressing why review should not be limited to the administrative record created when he exhausted plan remedies.

[2] To the extent Blanch moves for partial summary judgment declaring that Maryland law applies to his profit sharing and annual incentive claims, the motion will be denied.

[3] Chubb has offices in thirty-one states, including the District of Columbia, but its headquarters are located in New Jersey.  (John Rowland Aff., ECF No. 29-8, at 3.)

is material depends upon the substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). Accordingly, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Id.* "A party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). The court must view the evidence in the light most favorable to the nonmovant and draw all justifiable inferences in his favor. *Scott v. Harris*, 550 U.S. 372, 378 (2007) (citation omitted); *see also Greater Baltimore Ctr. for Pregnancy Concerns, Inc. v. Mayor and City Council of Baltimore*, 721 F.3d 264, 283 (4th Cir. 2013) (citation omitted). At the same time, the court must not yield its obligation "to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (citation and internal quotation marks omitted).

## ANALYSIS

The parties' dispute centers on what law governs Blanch's claims under the profit sharing and annual incentive plans. Chubb, relying on the choice-of-law provisions in those two plans, argues that New Jersey law controls. Blanch, on the other hand, asserts that Maryland law is controlling, as he never consented to the choice-of-law provisions and, at all relevant times, he resided, worked, and paid taxes in Maryland.[4]

---

[4] He also attempts to argue for Maryland law by relying on Chubb's contract disclaimer and its reservation of rights to modify or amend the plans to conclude the plans created no contractual obligations. (*See* Chubb Disclaimer, ECF No. 30-1, at 1 (stating that Chubb's manuals and handbooks outline certain procedures and guidelines that Chubb may or may not choose to follow, and that these documents and other oral or written statements by Chubb do not constitute promises); *see also* Chubb Annual Incentive Compensation Plan at 6 (indicating that Chubb may unilaterally amend the terms of the plan); Chubb Profit Sharing Plan at 8 (same).) Blanch's

The choice-of-law issue is consequential, as the plans require that the employee be employed on the date a bonus is paid to receive the award.  Should Maryland law apply, Blanch may argue that this requirement is contrary to the MWPCL.  *See Medex v. McCabe*, 811 A.2d 297, 304 (Md. 2002).  New Jersey law, by contrast, poses no obstacle to the plans' requirement. *See* N.J. Stat. Ann. § 34:11-4.1 (excluding "any form of supplementary incentives and bonuses which are calculated independently of regular wages and paid in addition thereto" from the definition of "wages"); *see also Sluka v. Landau Uniforms, Inc.*, 383 F. Supp. 2d 649, 656 (D.N.J. 2005) (explaining that incentive bonuses are not covered under New Jersey wage payment law).[5]

In determining what law governs Blanch's claims, the court, sitting in diversity, must apply the choice-of-law rules of the state in which it sits.  *See Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941).  Maryland "has long recognized the ability of contracting parties to specify in their contract that the laws of a particular State will apply in any dispute over the validity, construction, or enforceability of the contract." *Jackson v. Pasadena Receivables, Inc.*,

---

argument, however, completely undermines his claims for breach of implied contract, as well as his Maryland Wage Payment and Collection Law ("MWPCL") and *quantum meruit* claims.  If, as Blanch argues, there is "no express or implied contract," then there is also no agreement requiring Chubb to make the payments claimed under the profit sharing and annual incentive plans.  (*See* Blanch Opp., ECF No. 30, at 11–12.)  His MWPCL claims fare no better, as claims under that law must have a contractual predicate. *See Whiting-Turner Contracting Co. v. Fitzpatrick*, 783 A.2d 667, 671–73 (Md. 2001).  Finally, as for his claims for *quantum meruit*, it is important to note that "*quantum meruit* is not truly a cause of action but a *measure of recovery* available in an action for contract implied-in-fact or for unjust enrichment." *Dolan v. McQuaide*, 79 A.3d 394, 402 (Md. Ct. Spec. App. 2013).  Here, Blanch seeks to enforce definite terms contained in the profit sharing and annual incentive plans and, thus, requests damages for breach of an implied-in-fact contract.  *See id.* (explaining that "a contract implied-in-fact arises from *actions* implying *definite terms*," while "unjust enrichment arises from *actions* that do *not* imply *definite terms*").  Accordingly, to the extent Blanch argues that the profit sharing and annual incentive plans create no contractual obligations, he disclaims his *quantum meruit* theory.
[5] There appears to be no dispute that the payments at issue under the profit sharing and annual incentive plans are the kind of incentive-based payments not included under New Jersey wage payment law.

921 A.2d 799, 803 (Md. 2007).  As explained by the Court of Appeals of Maryland, contractual choice-of-law clauses are enforceable unless:

> (a) the chosen state has no substantial relationship to the parties or the transaction and there is no other reasonable basis for the parties['] choice, or (b) application of the law of the chosen state would be contrary to a fundamental policy of a state which has a materially greater interest than the chosen state in the determination of the particular issue and which . . . would be the state of the applicable law in the absence of an effective choice of law by the parties.

*Id.* at 804–05.  Here, New Jersey has a substantial relationship to the parties, as Chubb's headquarters are located there.  Furthermore, the court cannot conclude that application of New Jersey law would conflict with a fundamental policy of Maryland.  *See Kunda v. C.R. Bard, Inc.*, 671 F.3d 464, 467–69 (4th Cir. 2011) (considering the argument that MWPCL represents fundamental Maryland policy and finding it unpersuasive); *see also Falls v. 1CI, Inc.*, 57 A.3d 521, 660–62 (Md. Ct. Spec. App. 2012) (acknowledging that the Maryland Court of Appeals has not yet ruled on whether the MWPCL represents fundamental Maryland policy).

Blanch, however, contends that he never agreed to the choice-of-law provisions in the profit sharing and annual incentive plans.  While it is true Blanch did not sign the plan documents, the court determines that, at best for Blanch's right to recover, the plan documents constituted offers of unilateral contracts, which he accepted by performing work.  *See Woolley v. Hoffman-La Roche, Inc.*, 491 A.2d 1257, 1264–67 (N.J. 1985) (reasoning that a company's personnel policy manual created a unilateral contract); *Dahl v. Brunswick Corp.*, 356 A.2d 221, 224 (Md. 1976) (determining that a corporation's severance pay policy "constituted an offer of a unilateral contract of which the employees were aware and, by continuing to work for [the corporation], accepted").  Blanch attempts to distinguish *Woolley* and *Dahl* by arguing that the courts in those cases assessed whether the *company* may be contractually bound.  The courts' conclusions that a contract existed, however, necessarily implied that both the employer and

5

employee were bound.  Simply put, as Blanch seeks the benefits of the plans, he may not rely on his lack of signature to avoid their choice-of-law provisions.  *Cf. Int'l Paper Co. v. Schwabedissen Maschinen & Anlagen GMBH*, 206 F.3d 411, 417–18 (4th Cir. 2000) ("[A] party may be estopped from asserting that the lack of his signature on a written contract precludes enforcement of the contract's arbitration clause when he has consistently maintained that other provisions of the same contract should be enforced to benefit him.").  Accordingly, because New Jersey law applies to the profit sharing and annual incentive claims, Chubb's motion for summary judgment—as it relates to those claims—will be granted.

## CONCLUSION

For the reasons stated above, Chubb's motion for summary judgment, insofar as it concerns Blanch's profit sharing and annual incentive claims, will be granted.  Blanch's claim for benefits under the 401(k) plan will be dismissed as moot.  A separate order follows.


July 10, 2014                                                                                  /s/
Date                                                                    Catherine C. Blake
                                                                        United States District Judge