IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DAVID BLANCH | : | |
| | : | |
| v. | : | Civil No. CCB-12-1965 |
| | : | |
| CHUBB & SON, INC. | : | |
| | : | |

## **MEMORANDUM**

Plaintiff David Blanch filed suit against his former employer, defendant Chubb and Son, Inc. ("Chubb"), after he was terminated from his job as an insurance adjuster. Now before the court is Blanch's motion for discovery concerning his claims under the Employee Retirement Income Security Act ("ERISA"). Chubb opposed the motion, and Blanch filed a reply. The court finds oral argument unnecessary to resolve the issues. *See* Local R. 105.6 (D. Md. 2011). For the reasons stated below, the motion for discovery will be denied.

## **BACKGROUND**

Blanch worked for Chubb for twelve years, beginning in November 1999. (ECF No. 36, Am. Compl. ¶¶ 4, 7).[1] On February 9, 2011, he "was called to a meeting" to discuss Chubb's investigation of a "preferred service provider." (*Id.* ¶ 22.) Blanch cooperated, but Chubb terminated him "for cause" on February 16, 2011, without indicating how Blanch had violated Chubb's policies. (*Id.* ¶¶ 24, 26.) Blanch believes this unexplained "for cause" termination was a ruse to replace him "with younger and cheaper labor" and avoid paying him, among other things, a severance package that should have totaled $48,000. (*Id.* ¶¶ 27-31.) After the termination, a Chubb human resources manager told Blanch that he was not eligible for a

---

[1] At this stage the court takes as true the allegations in Blanch's second amended complaint.

severance package and should not bother requesting one. (*Id.* ¶ 48.) Nevertheless, Blanch sought to complete a claim for severance benefits and requested clarification of the grounds for his termination. (*Id.* ¶ 49.) Chubb did not respond. (*Id.* ¶ 50.) On April 14, 2011, Blanch sent Chubb a written demand for the severance money, and Chubb again failed to respond. (*Id.* ¶¶ 53-54.)

Blanch again demanded severance benefits on October 7, 2013, (*id.* ¶ 59), but Chubb did not provide him with relevant plan documents until November 8, 2013, (*id.* ¶ 56). Chubb denied Blanch's claim on January 9, 2014. (*Id.* ¶ 61.) That denial again stated that Blanch was terminated "for 'Cause' . . . on account of his violation of Chubb's policies," but did not specify which policy Blanch violated or how he violated it. (*Id.* ¶ 62.) Blanch requested a hearing and access to documents relevant to the denial, and protested Chubb's failure to disclose more information concerning the specific reasons for his termination. (*Id.* ¶¶ 63-64.) Chubb did not schedule a hearing, but on May 5, 2014, it issued a "Notice of Denial of Appeal," thereby administratively exhausting Blanch's ERISA claim. (*Id.* ¶ 66.) That notice referenced a communication dated April 28, 2011, from Chubb to the Baltimore Field Office of the U.S. Equal Employment Opportunity Commission that included Chubb's explanation as to what policy provisions Blanch had violated. (*Id.* ¶ 67.)

Meanwhile, Blanch had filed suit in a Maryland circuit court, and Chubb removed that action to this court on July 2, 2012. The court previously granted Chubb's motion for summary judgment insofar as it concerned Blanch's claims under Chubb's profit sharing and annual incentive plans. On August 8, 2014, Blanch filed a second amended complaint pursuant to the court's order of July 10, 2014. That complaint contains two ERISA claims. The first alleges that

Chubb violated 29 U.S.C. § 1132(c) by withholding ERISA plan documents. The second alleges that to avoid paying Blanch severance benefits, Chubb withheld from him its "entire basis" for his termination, (Am. Compl. ¶ 67), thus denying him a "meaningful opportunity to dispute his for cause termination and present evidence to the contrary" within Chubb's administrative process, (*Id.* ¶ 69).[2] On August 9, 2014, Blanch moved for discovery concerning his ERISA claims. On August 25, 2014, Chubb filed an answer to the second amended complaint, as well as a response in opposition to the motion for discovery. Blanch replied to Chubb's response on September 11, 2014.

## ANALYSIS

"A plan established by an employer providing for severance pay benefits is an employee welfare benefit plan covered by ERISA." *Biggers v. Wittek Indus., Inc.*, 4 F.3d 291, 295 (4th Cir. 1993). "In the ERISA context, courts conduct de novo review of an administrator's denial of benefits unless the plan grants the administrator discretion to determine a claimant's eligibility for benefits, in which case the administrator's decision is reviewed for abuse of discretion." *Cosey v. Prudential Ins. Co. of Am.*, 735 F.3d 161, 165 (4th Cir. 2013) (citing *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 111 (1989)). "Determining the appropriate standard of review of the plan administrator's decision is important because, among other reasons, it controls whether the district court may consider evidence that was not presented to the plan administrator." *Bernstein v. CapitalCare, Inc.*, 70 F.3d 783, 788 (4th Cir. 1995). A court conducting de novo review of an ERISA benefits claim may look to evidence outside "the

---

[2] *See* 29 U.S.C. § 1133 (requiring that employee benefit plans provide notice of "the specific reasons" for a denial of a benefits claim, and afford a reasonable opportunity for a full and fair review of a claim denial); 29 C.F.R. § 2560.503-1(g)-(j) (requiring, among other things, that a plan administrator notify a claimant of the specific reason or reasons for an adverse benefits determination with reference to the specific plan provisions on which the determination is based, allow the claimant the opportunity to submit evidence relating to the claim, and provide the claimant with copies of all information relevant to the claim).

evidentiary record that was presented to the plan administrator or trustee" when that evidence "is necessary for resolution of the benefit claim." *Quesinberry v. Life Ins. Co. of N. Am.*, 987 F.2d 1017, 1026-27 (4th Cir. 1993) (en banc). But when a court reviews a plan administrator's decision for abuse of discretion, the court "is limited to the evidence that was before the plan administrator at the time of the decision." *Bernstein*, 70 F.3d at 788.[3] Further, "[i]n cases where there is a procedural ERISA violation, . . . the appropriate remedy is to remand the matter to the plan administrator so that a 'full and fair review' can be accomplished." *Gagliano v. Reliance Standard Life Ins. Co.*, 547 F.3d 230, 240 (4th Cir. 2008). *See also Berry v. Ciba-Geigy Corp.*, 761 F.2d 1003, 1007 (4th Cir. 1985) ("If the court believed the administrator lacked adequate evidence, the proper course was to 'remand to the trustees for a new determination,' not to bring additional evidence before the district court.") (citation omitted). Where the plan administrator "has acted in bad faith," however, it is "within the discretion of the district court" to order "a reversal, rather than a remand." *Id.* at 1007 n.3.

Here, the plan document conferred Chubb's Employee Benefits Committee ("the Committee") with discretion to determine eligibility for benefits. (*See* Chubb's Resp. Mot. Discovery, ECF No. 39-1 at 11 ("The Committee shall have the full authority and discretion to make, amend, interpret, and enforce all appropriate rules and regulations for the administration of the Plan and decide or resolve any and all questions, including interpretations of the Plan, as may arise in connection with the Plan.").) The court is therefore "limited to the evidence that was before the [Committee] at the time of the decision," *Bernstein*, 70 F.3d at 788, and may not

---

[3] On abuse-of-discretion review, a plan administrator's decision will be upheld if it is reasonable, i.e., if it resulted from a "deliberate, principled reasoning process" and is "supported by substantial evidence." *Williams v. Metro. Life Ins. Co.*, 609 F.3d 622, 630 (4th Cir. 2010). *See also id.* (listing factors courts should consider in reviewing the reasonableness of a plan administrator's decision").

authorize "further discovery before a decision is made on the merits of the claim," *McCready v. Standard Ins. Co.*, 417 F. Supp. 2d 684, 687 n.2 (D. Md. 2006).

Blanch argues that Chubb prevented him from meaningfully participating in its hearing process by failing to disclose what the "cause" was in his "for cause" termination until after the process was over. Indeed, Blanch alleges that Chubb first indicated to Blanch the nature of the "cause" after Chubb had already denied his appeal. (*See* Am. Compl. ¶ 67; ECF No. 39-3 at 7 (suggesting that Blanch was terminated for "approv[ing] several inflated estimates by two contractors from whom he accepted gifts and entertainment").) Whether this delay arose from bad faith may be a factor in this court's determination of an appropriate remedy, *Berry*, 761 F.2d at 1007 n.3, but it does not allow the court to order discovery.

Blanch also relies heavily on *Weaver v. Phoenix Home Life Mutual Insurance Co.*, 990 F.2d 154 (4th Cir. 1993). In *Weaver*, an insurance company denied medical benefits, failed to provide any explanation for the denial, and admitted it did not know why the benefits were denied. *Id.* at 158-59. The court held that "a remand for further action [was] unnecessary [ ] because the evidence clearly show[ed] that [the insurance company] abused its discretion" when it failed to "even remotely consider[ ] any specific reasons in denying the claim." *Id.* at 159. *Weaver* thus concerns the question of a remedy, not whether the court may order discovery.

## CONCLUSION

For the reasons stated above, Blanch's motion for discovery will be denied.

A separate order follows.

<u>November 18, 2014</u>                                        <u>        /S/                                </u>
Date                                                                     Catherine C. Blake
                                                                             United States District Judge

5