IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| DAVID BLANCH | : |
| | : |
| v. | : Civil No. CCB-12-1965 |
| | : |
| CHUBB & SONS, INC. | : |

# **MEMORANDUM**

David Blanch sues his former employer, Chubb & Sons, Inc. ("Chubb"), for a host of unpaid benefits following his termination from that firm in early 2011. In a series of prior orders, the court disposed of Blanch's claims for retirement savings plan contributions, severance benefits, statutory penalties, and breach of implied contract. Now pending before the court is Blanch's second motion for reconsideration of the court's partial granting of summary judgment on the severance pay claim. This motion has been fully briefed, and no hearing is necessary to its resolution. *See* Local Rule 1-5.6 (D. Md. 2016). For the reasons that follow, the motion for reconsideration will be denied.

## **BACKGROUND**[1]

This long-running litigation arises from Chubb's February 16, 2011, termination of Blanch from his position as an insurance adjuster. (Blanch Cross-Mot. Summ. J. Ex. 2, Blanch Aff. ¶ 3, ECF No. 48-2.) After terminating Blanch, Chubb denied him severance benefits because the termination was, in Blanch's words, "for cause of an undisclosed policy violation." (*Id*. at ¶ 5.) Blanch appealed the denial of severance benefits to Chubb's Employee Benefits Committee ("the Committee"). (See Chubb Mot. Summ. J. Ex. 2, Second Demand Letter

---

[1] The court extensively reviewed the background of this case in the memorandum accompanying the court's order on August 28, 2015. (*See* Mem. 2−5, ECF No. 54.)

10/14/2013, ECF No. 47-2.) The Committee denied his claim because Blanch's termination "was for 'Cause' (as defined in the Severance Plan) on account of his violation of Chubb's policies, including The Chubb Corporation Code of Business Conduct . . . ." (See Chubb Mot. Summ. J. Ex. 4, First Denial Letter 1/9/14, ECF No. 47-4.) Under the circumstances of Blanch's termination, the plan precluded the award of severance benefits. (*Id*. at 2.) The alleged misconduct involved approving "several inflated estimates by two contractors from whom he accepted gifts and entertainment." (Second Denial Letter 5/5/14 Ex. A, EEOC Response Letter 4/18/11 at 1, ECF No. 47-6.)

Blanch's performance bonuses were governed by Chubb's annual incentive plan, which states that the employee must be employed on the date a bonus is paid to receive the award, unless the employee is terminated due to death, disability, retirement, or some other reason with the consent of the Organization & Compensation Committee of the Board of Directors. (*See* Chubb Annual Incentive Compensation Plan, ECF No. 29-1, at 2, 4.) Similarly, Chubb's profit sharing plan states that the employee must be employed on the date a profit sharing payment is made to receive the payment, unless the employee is terminated due to death, disability, retirement, or some other reason with the consent of the Profit Sharing Committee of the Board of Directors (Chubb Profit Sharing Plan, ECF No. 29-2, at 3, 12.)

Blanch initially sued Chubb in the Circuit Court for Baltimore City in June 2012. (*See* Compl., ECF No. 2.) He alleged, among other claims, unpaid wages under the MWPCL. (*See id.*) Chubb removed the complaint to this court, (*see* Notice of Removal, ECF No. 1), and filed a motion to dismiss, (*see* Mot. Dismiss, ECF No. 7), which this court granted with leave to amend Blanch's MWPCL claims, among others (*see* Order, ECF No. 11). Blanch filed an amended complaint, alleging unpaid wages on the ground that Chubb has wrongfully withheld his

performance bonus, profit sharing payment, retirement savings plan contributions, and severance benefits. (*See* Am. Compl., ECF No. 12.)

In 2014, this court granted Chubb summary judgment to the extent Blanch's claims were premised on unpaid bonuses or profit sharing. (*See* Order, ECF No. 35.) Blanch was granted leave to file a second amended complaint as to his severance plans claims, because his administrative remedies were exhausted during the course of this litigation and he could now assert those claims under the Employee Retirement Income Security Act ("ERISA"). (*See* Order, ECF No. 35, *see also* Mem. 1 n. 1, ECF No. 34).

Blanch amended his complaint and subsequently filed a motion to reconsider asking the court to vacate its granting of summary judgment as it pertained to the profit sharing and annual incentive claims under the MWPCL in light of *Cunningham v. Feinberg*, 107 A.3d 1194 (Md. 2015). (Blanch Mot. Recons. 2, ECF No. 50.) This court granted the motion to reconsider (*see* Order, ECF No. 55), and vacated the prior order to the extent that it granted judgment on Blanch's claims under the MWPCL for unpaid performance bonus and profit sharing (*see id.*). The parties also filed motions for summary judgment as to Blanch's claims for severance benefits (Chubb Mot. Summ. J., ECF No. 47; Blanch Cross Mot. Summ. J., ECF No. 48.) This court granted Chubb's motion for summary judgment (*see* Order, ECF No. 55) and denied Blanch's subsequent motion for reconsideration (*see* Order, ECF No. 75). The second motion for reconsideration followed that denial.

## ANALYSIS

Where the entry of partial summary judgment fails to resolve all claims in a suit, Federal Rule of Civil Procedure 54(b) governs a motion to reconsider an interlocutory order. *See Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514–15 (4th Cir. 2003). The district court

"retains the power to reconsider and modify its interlocutory judgments, including partial summary judgments, at any time prior to final judgment when such is warranted." *Id.*

Although the Fourth Circuit has not identified the precise standard for resolving such a motion, courts frequently look to the standards applicable to motions under Rules 59(e) or 60(b) for guidance. *See Nana-Akua Takyiwaa Shalom v. Payless Shoesource Worldwide, Inc.*, 921 F. Supp. 2d 470, 480 (D. Md. 2013). Courts generally will reconsider an interlocutory order in the following situations: "(1) there has been an intervening change in controlling law; (2) there is additional evidence that was not previously available; or (3) the prior decision was based on clear error or would work manifest injustice." *Id.* at 481 (quoting *Akeva, LLC v. Adidas Am., Inc.*, 385 F. Supp. 2d 559, 565–66 (M.D.N.C. 2005)). A party seeking reconsideration under Rule 54(b) need not show "extraordinary circumstances;" rather, the goal is to "reach the correct judgment under law." *Netscape Commc'ns Corp. v. ValueClick, Inc.*, 704 F. Supp. 2d 544, 547 (E.D. Va. 2010). A motion for reconsideration, however, should "not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998).

Blanch asks this court to reconsider, for a second time, its ruling granting Chubb's motion for summary judgment on the severance pay claim. Because the benefit plan gives the administrator discretionary authority, the Committee's denial of severance benefits is reviewed under an abuse of discretion standard. *See Helton v. AT&T Inc.*, 709 F.3d 343, 351 (4th Cir. 2013). Blanch argues that this court's prior rulings overlooked Chubb's lack of compliance with ERISA's procedural guidelines, specifically Chubb's alleged failure to provide Blanch with documentation in a timely manner. (Blanch Second Mot. Recons. ¶¶ 21–37, ECF No. 76.)

Blanch revives this procedural argument from his first supplemental motion for reconsideration. (Blanch Supp. Mot. for Recons. ¶¶ 23, ECF No. 68.)

ERISA requires that claimants be given reasonable access to documents relevant to their claims, and that any reviews of benefits claims must take into account all relevant information submitted by the claimant. *Gagliano v. Reliance Standard Life Ins. Co.*, 547 F.3d 230, 235 (4th Cir. 2008) (citing 29 C.F.R. § 2560.503–1(h)(1–2) (2008)). This court has already ruled that Blanch was afforded such access. Even if it were otherwise, the remedy for a procedural violation of ERISA "is to remand the matter to the plan administrator so that a 'full and fair review' can be accomplished." *Gagliano*, 547 F.3d at 240. Where, as here, remand would be a "useless formality" that would generate the same outcome, courts enter judgment for the defendant ERISA plan rather than waste parties' resources with such a futile remedy. *Kent v. United of Omaha Life Ins. Co.*, 96 F.3d 803, 807 (6th Cir. 1996).

Blanch also asserts, again, that the Committee never considered nor recorded his role in the internal investigation of C&C Complete Services, LLC. As such, Blanch believes his termination and denial of severance benefits violated Chubb's anti-retaliation policy. (Blanch Second Mot. for Recons. ¶ 39.) As Blanch has not cited any additional information or arguments to convince the court to change its prior ruling regarding the Committee's substantive basis for denying his claims, his second motion for reconsideration is, in effect, "nothing more than a request that the district court change its mind," which does not entitle him to relief. *See, e.g.*, *United States v. Williams*, 674 F.2d 310, 313 (4th Cir. 1982).

Accordingly, the second motion for reconsideration will be denied.

## CONCLUSION

For the reasons stated above, Blanch's second motion for reconsideration will be denied. Still remaining in this case is Blanch's claim for a $14,000 performance bonus from 2010 and a $4,042 profit sharing distribution from 2010; this claim is brought under the MWPCL as noted above. Counsel will be contacted to schedule a trial date.

A separate order follows.


  May 31, 2017                                  /S/
Date                                       Catherine C. Blake
                                           United States District Judge