IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DAVID BLANCH           :
                       :
                       :
  v.                   :  Civil No. CCB-12-1965
                       :
                       :
CHUBB & SONS, INC.     :
                       :

## **MEMORANDUM**

David Blanch sues his former employer, Chubb & Sons, Inc. ("Chubb"),[1] for a host of unpaid benefits following his termination from that firm in early 2011. In a series of prior orders, the court disposed of Blanch's claims for retirement savings plan contributions, severance benefits, statutory penalties, and breach of implied contract. Now pending before the court is Chubb's motion for partial summary judgment on Blanch's claims for unpaid bonus and profit sharing under the Maryland Wage Payment and Collection Law (MWPCL), since the court's original granting of that motion was vacated in its August 28, 2015, order, in light of *Cunningham v. Feinberg*, 107 A.3d 1194 (Md. 2015). This motion has been fully briefed, and no hearing is necessary to its resolution. *See* Local Rule 105.6 (D. Md. 2016). For the reasons that follow, the motion for summary judgment will be granted in part and denied in part.

## **BACKGROUND**[2]

This long-running litigation arises from Chubb's February 16, 2011, termination of Blanch from his position as an insurance adjuster. (Blanch Cross-Mot. Summ. J. Ex. 2, Blanch

---

[1] At the time Blanch initiated the law suit, Chubb was his former employer. After his termination, Blanch found new employment with an entity that was later acquired by Chubb. Blanch is currently an employee of Chubb once again. (*See* Pl.'s Opp'n to Def's Mot. Summ. J., ECF No. 87, at ¶ 3.)
[2] The court extensively reviewed the background of this case in the memorandum accompanying the court's order on August 28, 2015. (*See* Mem. 2−5, ECF No. 54.)

1

Aff. ¶ 3, ECF No. 48-2.) After terminating Blanch, Chubb denied him severance benefits because the termination was, in Blanch's words, "for cause of an undisclosed policy violation." (*Id*. at ¶ 5.) Blanch appealed the denial of severance benefits to Chubb's Employee Benefits Committee ("the Committee"). (See Chubb Mot. Summ. J. Ex. 2, Second Demand Letter 10/14/2013, ECF No. 47-2.) The Committee denied his claim because Blanch's termination "was for 'Cause' (as defined in the Severance Plan) on account of his violation of Chubb's policies, including The Chubb Corporation Code of Business Conduct . . . ." (See Chubb Mot. Summ. J. Ex. 4, First Denial Letter 1/9/14, ECF No. 47-4.) Under the circumstances of Blanch's termination, the plan precluded the award of severance benefits. (*Id*. at 2.) The alleged misconduct involved approving "several inflated estimates by two contractors from whom he accepted gifts and entertainment." (Second Denial Letter 5/5/14 Ex. A, EEOC Response Letter 4/18/11 at 1, ECF No. 47-6.)

Blanch's performance bonuses were governed by Chubb's annual incentive plan, which states that the employee must be employed on the date a bonus is paid to receive the award, unless the employee is terminated due to death, disability, retirement, or some other reason with the consent of the Organization & Compensation Committee of the Board of Directors. (*See* Chubb Annual Incentive Compensation Plan, ECF No. 29-1, at 2, 4.) Employees needed performance ratings of "Met All" or better to be eligible for an incentive reward. (2011 Bonus Award Guidelines – Active Employees, ECF No. 85-7 at 2.)[3] Chubb's profit sharing plan states that the employee must be employed on the date a profit sharing payment is made to receive the

---

[3] Although this document is titled 2011, and the payments at issue are for work performed in 2010, the defendant identifies the guidelines in this document as governing this bonus. The plaintiff has not contested this fact, instead arguing that previous performance reviews indicate that he met this standard. (*See* Def's Mot. Summ. J., ECF No. 85, at ¶ 18; Def.'s Reply to Pl.'s Opp'n to Def's Mot. Summ. J., ECF No. 88 at 4; -Pl.'s Opp'n to Def's Mot. Summ. J. at ¶¶ 47-51.) Additionally, one of the plaintiff's exhibits shows payments made under the performance plan for "Payment Year 2010," so the 2011 guide could reasonably correspond to payments made in 2011 for performance in 2010. (*See* MyChubb Profile, ECF No. 87-1, at 2.)

payment, unless the employee is terminated due to death, disability, retirement, or some other reason with the consent of the Profit Sharing Committee of the Board of Directors. (Chubb Profit Sharing Plan, ECF No. 29-2, at 3, 12.) The profit sharing plan is not performance-based. (*See* Def.'s Reply to Pl.'s Opp'n to Def's Mot. Summ. J. at 4; Pl.'s Opp'n to Def.'s Mot. Summ. J. at ¶ 45.)

Blanch initially sued Chubb in the Circuit Court for Baltimore City in June 2012. (*See* Compl., ECF No. 2.) He alleged, among other claims, unpaid wages under the MWPCL. (*See id.*) Chubb removed the complaint to this court, (*see* Notice of Removal, ECF No. 1), and filed a motion to dismiss, (*see* Mot. Dismiss, ECF No. 7), which this court granted with leave to amend Blanch's MWPCL claims, among others (*see* Order, ECF No. 11). Blanch filed an amended complaint, alleging unpaid wages on the ground that Chubb had wrongfully withheld his performance bonus, profit sharing payment, retirement savings plan contributions, and severance benefits. (*See* Am. Compl., ECF No. 12.)

In 2014, this court granted Chubb's motion for summary judgment to the extent Blanch's claims were premised on unpaid bonuses or profit sharing. (*See* Order, ECF No. 35.) Blanch was granted leave to file a second amended complaint as to his severance plan claims, because his administrative remedies were exhausted during the course of this litigation and he could now assert those claims under the Employee Retirement Income Security Act ("ERISA"). (*See* Order, ECF No. 35, *see also* Mem. 1 n. 1, ECF No. 34.)

Blanch amended his complaint and subsequently filed a motion to reconsider asking the court to vacate its granting of summary judgment as it pertained to the profit sharing and annual incentive claims under the MWPCL in light of *Cunningham v. Feinberg*, 107 A.3d 1194 (Md. 2015). (Blanch Mot. Recons. 2, ECF No. 50.) This court granted the motion to reconsider (*see*

3

Order, ECF No. 55), and vacated the prior order to the extent that it granted judgment on Blanch's claims under the MWPCL for unpaid performance bonus and profit sharing (*see id.*). Chubb moved for partial summary judgment on these claims on June 6, 2017. (*See* Mot. Summ. J., ECF No. 85.)

## ANALYSIS

Federal Rule of Civil Procedure 56(a) provides that summary judgment should be granted "if the movant shows that there is no *genuine* dispute as to any *material* fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) (emphases added). "A dispute is genuine if 'a reasonable jury could return a verdict for the nonmoving party.'" *Libertarian Party of Va. v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013) (quoting *Dulaney v. Packaging Corp. of Am.*, 673 F.3d 323, 330 (4th Cir. 2012)). "A fact is material if it 'might affect the outcome of the suit under the governing law.'" *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Accordingly, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment[.]" *Anderson*, 477 U.S. at 247-48. The court must view the evidence in the light most favorable to the nonmoving party, *Tolan v. Cotton*, 134 S. Ct. 1861, 1866 (2014) (per curiam), and draw all reasonable inferences in that party's favor, *Scott v. Harris*, 550 U.S. 372, 378 (2007) (citations omitted); *see also Jacobs v. N.C. Admin. Office of the Courts*, 780 F.3d 562, 568-69 (4th Cir. 2015). At the same time, the court must "prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 526 (4th Cir. 2003) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993)).

In count four of his amended complaint, Blanch alleges Chubb withheld unpaid wages in the form of performance bonuses and profit sharing proceeds in violation of the MWPCL. (Am.

4

Compl., ¶ 46–53, ECF No. 12). Blanch claims he is owed a $14,000 performance bonus from 2010 and a $4,042 profit sharing distribution from 2010. (*Id.*, ¶ 15, 17). Chubb moved for summary judgment on this claim on the grounds that the performance bonus was too vague to be enforced; Blanch cannot demonstrate adequate performance to have earned the performance bonus; and that Blanch forfeited his right to both bonuses through the misconduct that led to his termination. (Def's Mot. Summ. J. at 12-14.)

The MWPCL requires that employers pay accrued wages to employees upon termination of employment. Md. Code Ann., Lab. & Emp., § 3–505. The term "wages" encompasses "all compensation that is due to an employee for employment," including bonuses, commissions, fringe benefits, overtime, and "any other remuneration promised for service." *Id.* § 3–501(c)(1) – (2).[4] The MWPCL requires payment "only when wages have been promised as part of the compensation for the employment arrangement and *all conditions agreed to in advance* for earning those wages have been satisfied." *Catalyst Health Solutions v. Magill*, 995 A.2d 960, 969 (Md. 2010) (citing *Whiting-Turner Contracting Co. v. Fitzpatrick*, 783 A.2d 667 (Md. 2001).

Maryland law governs Blanch's claims under the MWPCL. *See Blanch v. Chubb*, 124 F. Supp. 3d 622, 634 (D. Md. 2015). Under Maryland law, once an employee "does everything required to earn the wages," his right to receive the wages vests and cannot be withheld because employment is terminated prior to the date of payment. *Medex v. McCabe*, 372 Md. 28, 811 A.2d 297, 301, 305 (2002). "Contractual language between parties cannot be used to eliminate the requirement and public policy that employees have a right to be compensated for their efforts." *Id.* at 304.

---

[4] In the opposition to Blanch's motion for reconsideration, Chubb argued the unpaid profit sharing payments did not constitute wages under the MWPCL. (Resp. in Opp'n re Mot. for Recons., ECF No. 53.) This court rejected that argument in its ruling granting Blanch's motion for reconsideration. (Mem. 5–6, ECF No. 55.)

As bonuses, payments under both the performance plan and profit-sharing plan fall under the definition of "wage" in the MWPCL. With respect to the claim for an unpaid performance bonus, Chubb argues that the performance bonus plan is not definite enough for court enforcement, or if it is so definite as to be enforceable, Blanch cannot meet his burden of proof demonstrating sufficient performance to have earned the performance bonus. This court agrees that the burden of proof cannot be met. While the requirements for obtaining a bonus award may be sufficiently definite (*see* 2011 Bonus Award Guidelines – Active Employees, ECF No. 85-7 at 2), it is also clear that Blanch did not meet them. Blanch was terminated for failure to comply with Chubb's company policies governing employee conduct, including inflation of several estimates.[5] Chubb's termination of Blanch is sufficient to demonstrate that Blanch's performance was not meeting all of Chubb's expectations as required for bonus eligibility, even if no performance review had been done for 2010. Blanch's prior performance evaluations are irrelevant in light of the alleged misconduct that led to his termination. Accordingly, Blanch did not fulfill all conditions necessary to earn a performance bonus. Summary judgment on this claim will be granted.

Chubb argues that Blanch also forfeited his right to payment under the profit-sharing plan through his misconduct, relying on *Chai Management, Inc. v. Leibowitz*, 50 Md. App. 504 (1982). Chubb misreads the holding of that case. In *Chai*, an employee sued his employer for wages owed during a 60-day notice of termination period stipulated in his contract. The court stated "[A]n employee rightfully discharged for incompetency, misconduct, or other reason forfeits the *balance* of his pay which might have been due him after the fulfillment of his

---

[5] Blanch objects to the finding of misconduct but proffers no admissible evidence to overcome Chubb's evidence as to the inflated estimates. Blanch instead refers to these estimates as "specific examples of unimpressive claims handling." (Pl.'s Opp'n to Def's Mot. Summ. J. at ¶¶ 61.) Even accepting Blanch's characterization of these estimates, admittedly unimpressive performance at a key function of one's job that ultimately led to one's termination cannot merit a performance bonus.

6

contract." *Id.* at 509 (citing 53 Am.Jur.2d Master & Servant s 45) (emphasis added). In that case, the employee was not suing for wages he had already accrued through his labor, but rather for wages to which he arguably was entitled under a contractual notice provision protecting him from the harms of a breach by his employer. *Id.* at 506. The court remanded the case to determine whether the employee had breached the contract and thus forfeited his right to the 60-day notice period or corresponding wages stipulated in his contract. *Id.* at 514.

This court is not aware of a case brought under the MWPCL that has held an employee forfeited through misconduct his right to wages already accrued.[6] Indeed *Medex* suggests otherwise, noting that the Maryland statute gives "equal protection to all departed employees," whether they were fired or left voluntarily. *Medex* 811 A.2d at 305. Given that the MWPCL's guarantee of payment of employees' earned wages is the strong public policy of the state, the court is not prepared to apply the doctrine of forfeiture to wages already accrued.

In this case, Blanch argues that he has met all conditions required to earn payment under the profit-sharing plan. Viewed in the light most favorable to Blanch, the non-moving party, the evidence suggests this may be correct. The profit-sharing plan was not performance-based. It required only that the employee be eligible and be employed on the date of payment. The employment requirement is not a reason for non-payment permitted under the MWPCL, *see supra* at 5, so as an eligible employee, Blanch may be entitled to a profit-sharing payment. Chubb has not identified any condition for payment under the profit-sharing plan that Blanch did not meet. The motion for summary judgment on the claim for profit-sharing payment will be denied.

---

[6] In *Board of Educ. of Talbot County v. Heister*, 392 Md. 140 (2006), the Maryland Court of Appeals upheld a contract provision providing for forfeiture of accrued but unpaid wages as a valid liquidated damages clause. It did not reach the question of whether this clause was in violation of the MWPCL. *See id.* at 346 n. 5.

## CONCLUSION

For the reasons stated above, the court will grant Chubb's motion for summary judgment as to the $14,000 performance plan claim, and deny Chubb's motion for summary judgment as to the $4,042 profit-sharing plan claim.

A separate order follows.

 9/20/2017                                                    /s/         
Date                                                           Catherine C. Blake
United States District Judge